IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN RALEY, | |
| Plaintiff, | Civil Action File No. |
| v. | |
| BLUE BIRD GLOBAL CORPORATION and BLUE BIRD BODY COMPANY, | Jury Trial Demanded |
| Defendants. | |

## COMPLAINT

**COMES NOW** Plaintiff, John Raley ("Plaintiff"), by and through counsel undersigned, and hereby submits his Complaint against Defendant, Blue Bird Global Corporation, and Defendant, Blue Bird Body Company (collectively referred to herein as "Defendants"), and shows the Court, as follows:

### Causes of Action

1.

Plaintiff's causes of action arise under the provisions of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, ("ADA"), seeking a remedy for disability-based discrimination and retaliation; under the provisions of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, ("ADEA"), seeking a remedy for age-based discrimination and retaliation. Plaintiff also brings claims under the provisions of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), seeking a remedy for losing his job after caring for his daughter who has a serious health condition; and, under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") seeking a remedy for unpaid overtime compensation, back pay and front pay. All of these provisions apply to the circumstances surrounding Plaintiff's employment and termination by Defendants.

## Parties, Jurisdiction and Venue

**2.**

At all times relevant to this action, Plaintiff was a resident of the State of Georgia.

**3.**

Defendant, Blue Bird Global Corporation, is a Delaware corporation, doing business in multiple states. This Defendant's principal office address is 3920 Arkwright Road, Suite 200, Macon Georgia 31210. Defendant may be served, via its Registered Agent, Charles Jeffrey Lipfert, located at 202 Central Avenue, Fort Valley, Georgia 31030.

**4.**

Defendant, Blue Bird Body Company, is a subsidiary of Blue Bird Global Corporation, doing business in the State of Georgia. This Defendant's principal office address is 3920 Arkwright Road, Suite 200, Macon Georgia 31210. Defendant may be served, via its Registered Agent, Charles Jeffrey Lipfert, located at 202 Central Avenue, Fort Valley, Georgia 31030.

**5.**

At all times relevant herein, Defendants were Plaintiff's "employers" as that term is defined under 29 U.S.C. § 630.

**6.**

At all times relevant herein, Defendants were employers within the meaning of FLSA § 203(d) and are not exempt employers under the Act.

**7.**

The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331.

**8.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as Defendants are subject to federal law and the U.S.D.C. for the Northern District of Georgia.

**9.**

All jurisdictional prerequisites to the institution of Plaintiff's lawsuit have been fulfilled. Plaintiff filed his initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts; Plaintiff was issued a Notice of Right to Sue from the EEOC; and, Plaintiff now files this Complaint within 90 days of receipt of said Notice. Plaintiff's July 13, 2020 EEOC Charge of Discrimination is attached hereto as **Exhibit A.**

## Factual Allegations

**10.**

Plaintiff was hired by Defendants in January of 2011. His title was Senior Supplier Quality Engineer.

**11.**

Throughout his tenure, Plaintiff worked long hours, frequently including weekends, until 2013 when his twin daughters were born. One of the twins, Ivy, was born with a genetic brain disorder.

**12.**

Thereafter, Plaintiff was forced to take intermittent FMLA in order to assist in the care of his daughter due to her serious health condition.

**13.**

Through all of this, Plaintiff stayed current with his workload, as he could perform all of his work responsibilities remotely.

**14.**

When COVID-19 hit, one twin, Isabel, developed a fever. The girls' doctor advised that the twins should be isolated from each other, as any illness, especially COVID-19, could be fatal to Ivy. Plaintiff supplied Defendants with a letter from the girls' doctor explaining Plaintiff's need to work from home and to isolate the twins, and himself.

**15.**

Despite Plaintiff's unavoidable circumstances, as well as the Governor's Order to quarantine or isolate, the company COO, Trey Jenkins ("Jenkins"), told Plaintiff that Plaintiff's supervisor, Joanne Millar ("Millar") claimed that Plaintiff could not perform his duties remotely, and that Plaintiff could either return to work in the company facility, take unpaid leave, take FMLA, or use his available vacation time.

**16.**

Plaintiff followed the physician's recommended isolation in his home, via unpaid leave, for eight weeks. When the end of the quarantine Order was near,

Isabel's fever had resolved, and COVID-19 had been ruled out, Plaintiff returned to work in the company facility on May 26, 2020.

**17.**

Before Plaintiff returned to the office, he advised the head of Human Resources, Felix Lin, that Jenkins had advised Plaintiff that when he returned to work in the facility, Millar could isolate Plaintiff in the SQE Lab office. Plaintiff returned to work wearing a mask. However, Millar told him that another employee was situated in the SQE Lab office. Plaintiff was therefore assigned to the Lab, and his original cubicle, working side by side with his coworkers (<u>including a new hire</u>), most of whom were younger than Plaintiff, and all of whom did not wear masks.

**18.**

One week later, at 51 years of age, Plaintiff was told that the company was "beginning a new footprint" and that he was terminated. The Separation Notice issued to Plaintiff indicated that the reason for his termination was a reduction in force ("RIF"), despite the fact that Defendants had just hired a new, younger person in Plaintiff's department. Furthermore, within a few days following Plaintiff's termination, Defendants hired yet a second, younger person into the same position from which Plaintiff had been terminated.

**19.**

From Plaintiff's date of hire, January 10, 2011, until his termination on June 2, 2020, Plaintiff was told his workday consisted of 10 hours, with 1 hour allotted for a lunch break, Monday through Friday.  Therefore, Plaintiff was working a minimum of 9 hours each day, i.e., 45 hours each week.  Plaintiff often worked more than 9 hours each day, and occasionally worked on weekends, as well.  Nevertheless, during his entire tenure with Defendants, Plaintiff never received any compensation whatsoever for the overtime hours he worked.

**20.**

Defendants' failure to compensate Plaintiff for time worked in excess of forty (40) hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.

**21.**

Plaintiff's beginning salary was $55,000.00 per year.  At the time of his termination, Plaintiff's salary was $72,000.00 per year.  Plaintiff was not, and never was, an exempt employee.  At a minimum, he worked a 5 day week, Monday through Friday.  Thus, Plaintiff is entitled to overtime compensation, at the rate of one and one half times his regular rate of pay (roughly an average of $30.53 per

hour), i.e., approximately $45.79 per hour, for each and every hour he worked beyond 40 hours per week, during his entire tenure.

**22.**

Despite these facts, Defendants did not pay Plaintiff any overtime whatsoever during the entire time that he was employed by Defendants.

## COUNT I
### (Disability Discrimination and Retaliation - ADA)

**23.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**24.**

Defendants discriminated and retaliated against Plaintiff because he had been advised by a health care provider to self-quarantine to prevent potential exposure of COVID-19 to his disabled child, or himself, and to isolate his daughters from each other.

**25.**

Plaintiff was an excellent employee.  He had not broken any company rules, nor had he acted in any manner to warrant termination.

**26.**

Defendants discriminated and then retaliated against Plaintiff by terminating him under the guise of a RIF, but actually because of his need to work from home to care for his immune-compromised, disabled child.

**27.**

At the time of the discriminatory acts alleged, Defendants knew or should have known that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

**28.**

Defendants performed the above described discriminatory and retaliatory actions willfully, wantonly, intentionally, and in reckless and callous disregard of Plaintiff's federally protected rights.

## COUNT II
### (Age Discrimination and Retaliation- ADEA)

**29.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**30.**

Defendants' treatment of Plaintiff was motivated by and because of Plaintiff's age, which is employment discrimination.

**31.**

Plaintiff was an excellent employee. He had not broken any company rules, nor had he acted in any manner to warrant termination.

**32.**

Defendants discriminated and then retaliated against Plaintiff because of his age when they hired a younger worker, then terminated Plaintiff under the guise of a RIF, and then, within a few days of Plaintiff's termination, hired yet a second, younger individual to fill Plaintiff's former position. Plaintiff was 51 years of age at the time of his termination.

**33.**

Defendants discriminated and retaliated against Plaintiff on the basis of age, in violation of the ADEA.

**34.**

At the time of the discriminatory acts alleged, Defendants knew or should have known that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

**35.**

Defendants performed the above described discriminatory and retaliatory actions willfully, wantonly, intentionally, and in reckless and callous disregard of Plaintiff's federally protected rights.

## COUNT III
**(Violation of Rights - FMLA)**

**36.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**37.**

Plaintiff had been employed by Defendants for nearly ten years, and was therefore entitled to up to twelve weeks of FMLA, per year.

**38.**

At the time that Plaintiff's daughter developed a fever, on or about March 24, 2020, Plaintiff had not exhausted his FMLA for the year. Although Plaintiff had no option but to remain at home to care for his daughters, he hoped to work from home until the source of his daughter's fever was determined and the COVID-19 quarantine Order expired. Plaintiff's ability to perform his work duties was not hindered by working remotely from his home. Indeed, he had periodically worked from home, as necessary, for the previous three years.

**39.**

Despite these facts, on April 5, 2020, Plaintiff was told by Jenkins, that Millar claimed that Plaintiff's work could not be accomplished remotely (Millar had apparently changed Plaintiff's job description). Plaintiff was advised that he could return to work in the company's facility, take unpaid leave, take time under the FMLA, or take any vacation time that he had available.

**40.**

Defendants violated the FMLA by changing Plaintiff's job description and by terminating him for taking leave to care for his young daughter.

## COUNT IV
**(Claim for Relief - Fair Labor Standards Act - § 207)**

**41.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**42.**

The facts stated above support Plaintiff's claim for relief under the FLSA.

**43.**

Defendants are liable to Plaintiff for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-

half times Plaintiff's regular hourly rate, from January 10, 2011 to Plaintiff's date of termination, June 2, 2020.

**44.**

Defendants' failure to compensate Plaintiff for time worked in excess of forty (40) hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.

**45.**

Defendants knew or should have known that they were obligated to compensate Plaintiff for all overtime hours he worked in excess of forty (40) hours per week.

**46.**

Defendants performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected rights.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendants, as follows:

(a) That Defendants be ordered to formulate, distribute and implement a written policy which does not discriminate in any manner which is a violation of the ADA, ADEA, FMLA, or FLSA;

(b) That Defendants be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits, he would have received had it not been for Defendants' illegal actions, including but not limited to pay, overtime pay, benefits, insurance costs, bonuses, raises, training, promotions, and seniority;

(c) That Plaintiff recover liquidated damages for Defendants' willful violations of the ADEA and the FLSA;

(d) That Plaintiff recover compensatory damages for Defendants' willful violations of the ADA, and the FMLA;

(e) That Defendants be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(f) That Defendants be ordered to pay Plaintiff front pay in an amount to compensate Plaintiff for the reduction in earnings he sustained;

(g) That Plaintiff recover interest on the front and back pay at the legal rate;

(h) That Plaintiff be awarded punitive damages to punish the Defendants for their unlawful actions and violations of the ADEA and the FLSA;

(i) That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees;

(j) That Plaintiff recover prejudgment interest;

(k) That this Court issue an injunction and declaratory judgment that the practices complained of are unlawful and void; and

(l) For such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury of all issues in this action.

Dated this 3rd day of February 2021.

**PANKEY & HORLOCK, LLC**

By: */s/ Larry A. Pankey*
Larry A. Pankey
Georgia Bar No. 560725
***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, John Raley, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 3rd day of February 2021.

        **PANKEY & HORLOCK, LLC**

        By:   */s/ Larry A. Pankey*
                   Larry A. Pankey
                   Georgia Bar No. 560725
                   *Attorneys for Plaintiff*